**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000359
27-AUG-2025
07:56 AM
Dkt. 59 SO**

NO. CAAP-23-0000359

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ASHLEY VINCENT GAETA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-22-0000237)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Ashley Vincent **Gaeta** appeals from the *First Amended Judgment of Conviction and Probation Sentence* entered by the Circuit Court of the Third Circuit on August 7, 2023, nunc pro tunc May 17, 2023.[1]  Gaeta challenges the denial of his motion for deferred acceptance of no contest plea (**DANC**).  We affirm.

A grand jury indicted Gaeta on two counts of Sexual Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-731(1)(a) and one count of attempted Sexual Assault in the Second Degree in violation of HRS §§ 705-500 & 707-731(1)(a).  The indictment alleged that on May 15, 2021, Gaeta sexually penetrated the complaining witness (**CW**) with his fingers and by cunnilingus, and attempted to have vaginal intercourse with her.  Gaeta pleaded not guilty.  A *Complaint*

---

[1]      The Honorable Robert D.S. Kim presided.

*Superseding Indictment* added a fourth count for Sexual Assault in the Fourth Degree in violation of HRS § 707-733(1)(b). The fourth count alleged that Gaeta exposed his genitals to CW.

On January 9, 2023, Gaeta pleaded no contest to count 4 under a plea agreement. He also moved for DANC. Before sentencing Gaeta, the Court heard from CW. She described being "raped" and stated, "I reported my assault to the police, had a rape kit conducted on me which resulted in a DNA match to the perpetrator, have worked alongside with the prosecution and dealt with the -- with the pain of this assault for a year and a half."

Defense counsel expressed surprise, noting the State had represented during the pretrial conference that CW "was okay with" the plea agreement. Counsel felt he and Gaeta had been "sandbagged."

The Court asked CW if she had been consulted about the plea agreement.

CW replied, "Yes, I was."

The Court asked, "And did you communicate to the State your position?"

"Yes, I did."

"And what was their response?"

"That they were gonna do what they thought was best despite my urgency to have them either take it to trial or submit a different plea that had him registering as a sex offender and it being on his record and him going to some form of counseling as a part of the new deal."

The Court stated, "I was present when certain representations were made so I'm gonna . . . continue it." The Court wanted to hear from the deputy prosecuting attorney who had attended the pretrial conference.

The case was recalled on January 17, 2023. Gaeta moved to withdraw his plea. The Court set aside Gaeta's no-contest plea and maintained the trial date.

The case was again called on May 17, 2023, for change of plea and sentencing. Gaeta again pleaded no contest to

2

count 4 (sex assault 4) and moved for DANC. The deputy prosecuting attorney stated:

> We've been before the Court before on a change of plea.
>
> What I think is different today this morning that brings the parties back before the Court is that the terms of the agreement this morning are different than last time in that they specifically speak to some of the concerns that the victim expressed to our office that she did not like about the last agreement, and I believe that we've taken steps to take those concerns into consideration in coming to the agreement that brings us here today.
>
> . . . .
>
> Much of the agreement that comes before the Court today is actually agreed upon. . . .
>
> . . . .
>
> What is not agreed upon and the sole disputed issue before the Court today is the defendant's motion for the deferred acceptance of his plea, and the State is opposing that request and asking the Court to enter judgment and conviction today.

CW addressed the Court:

> Your Honor, I'm asking for the bare minimum of what needs to happen in order to prevent him from doing this again. I'm not asking for him to plead guilty instead of no contest, for him to be held to the original charge of eight felonies or for him to serve any time. I'm only asking for it to stay on his record.

Gaeta's allocution was short:

> THE COURT: Okay. Mr. Gaeta, anything you wish to say before I pass sentence?
>
> THE DEFENDANT: No, Your Honor. I know I'll get my probation done, everything taken care of and you'll never see me again if that -- if that is provided by your decision. I'll be happy to get everything done. You won't ever see me back here.

The Court denied Gaeta's DANC motion. The State's motion to nolle prosequi counts 1, 2, and 3 of the Complaint Superseding Indictment was granted. A *Judgment of Conviction and Probation Sentence* was entered on May 17, 2023. The *First Amended Judgment of Conviction and Probation Sentence* was entered on August 7, 2023, nunc pro tunc May 17, 2023.

In this appeal Gaeta contends the Circuit Court abused its discretion when it denied his DANC motion by improperly considering (1) conduct excluded by the offense to which Gaeta pleaded; (2) Gaeta's purported failure to take responsibility or demonstrate remorse despite his no contest plea; and (3) CW's purported trauma, which included allegations of conduct to which Gaeta did not plead and other extraneous allegations about Gaeta's character.

HRS § 853-1(a) (2014) provides:

Upon proper motion as provided by this chapter:

(1)   When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;

(2)   It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3)   The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

We review the denial of a motion for DANC for abuse of discretion. State v. Satoafaiga, 150 Hawai'i 406, 415, 504 P.3d 324, 333 (2022). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id.

The Circuit Court acknowledged that Gaeta was eligible for a DANC under HRS § 853-1(a):

No question he's -- he's qualified to get the deferral. It's up to me as to whether or not you will get it, and, you know, although you pled no contest I don't really get any remorse over what has happened in this case.

4

Gaeta argues the Circuit Court erred by considering his supposed failure to demonstrate remorse.  But "a court generally can consider a defendant's lack of remorse in the sentencing context[.]"  Satoafaiga, 150 Hawaiʻi at 421, 504 P.3d at 339; see also HRS § 706-606(1) (2014) (sentencing court shall consider "characteristics of the defendant").

Gaeta argues the Circuit Court erred by considering conduct excluded by the offense to which Gaeta pleaded, and CW's purported trauma and allegations about Gaeta's character.  CW described her physical and emotional challenges "since [Gaeta] drugged and raped me."

> I did everything the doctors and the police asked me to do. I underwent incredibly invasive tests, have had to suffer through the painful traumatic reminder of what he did each time I went in to get the STD [Gaeta] gave me frozen off my genitals, and I have subjected myself to retelling the details of my most vulnerable moment to numerous doctors, police officers, lawyers from the district attorney's office and anyone else who could help me find justice.

Gaeta's alleged sexual penetration of CW with his fingers and by cunnilingus is not included in HRS § 707-733(1)(b) (knowingly exposes genitals), the charge to which he pled.  In Satoafaiga the supreme court held:

> just as a court may not penalize a defendant for conduct with no support in the record, it cannot hold a defendant responsible for conduct that they could not logically have committed, given their offense of conviction.  Consequently, we hold that the trial court abused its discretion by considering sexual penetration, and remand for reconsideration of the DANC motion.

150 Hawaiʻi at 421, 504 P.3d at 339.

But the supreme court also stated:

> We do not mean to imply that any time a defendant pleads to a lesser-included offense in exchange for the dismissal of a greater one, the court may not consider the circumstances leading to the greater charge.  For example, if the heinous or aggravated nature of the acts committed points to a sentence on the upper end of the permitted sentencing range, the judge may consider it.

Id.; see also HRS § 706-606(1) (sentencing court shall consider "circumstances of the offense").

Here, the circumstances under which Gaeta was charged with exposing his genitals to CW — "the greater charge" — was count 3, his attempt to have vaginal intercourse with her by compulsion. That is consistent with the State's recitation of the factual basis supporting count 4 during the May 17, 2023 change-of-plea hearing:

> On May 15th, 2021, within Kona, in the County and State of Hawaiʻi, defendant Ashley Vincent Gaeta knowingly exposed his genitals, specifically his penis to another person, [CW], and the circumstances under which this conduct occurred caused [CW] alarm and caused her to fear for bodily -- of -- and caused her to fear bodily injury.

When the Circuit Court explained its denial of Gaeta's DANC motion it acknowledged the holding in Satoafaiga:

> The Court is not considering the statement of sexual penetration as in the other case, but what the Court is considering is the nature of the charge and the impact on the victim.
>
> . . . .
>
> You're only pleading to Sex [Assault] 4. I get that. But I have to take into consideration the nature of the harm. Right?
>
> . . . .
>
> . . . Penetration is not to be considered. He didn't plead to that. However, the Court is going to find that the impact upon the victim requires that I'm not gonna grant the deferral.
>
> . . . .
>
> Court will note so it's clear because you have procedural opportunities to, you know, address what I did that the findings were not based on remorse or lack of remorse or penetration or any of the nonfactual statements which I can't consider by the victim but is based upon the impact upon the victim as stated during her statement to the Court.

Thus, as we recently stated:

> The record does not reflect the Circuit Court improperly considered the multiple sexual assault charges with which Kaluna had been charged, rather than the single Kidnapping

6

> offense for which he was convicted.  The Circuit Court referred to the need for Kaluna to be accountable for causing "a person to be harmed not necessarily physically but **psychologically**," and did not refer to the harm as both physical and psychological in nature, as would be expected for sexual assault offenses.

State v. Kaluna, No. CAAP-23-0000096, 2024 WL 637400, at *4 (Haw. App. Feb. 15, 2024) (SDO), cert. rejected, No. SCWC-23-0000096, 2024 WL 2795531 (Haw. May 20, 2024).

Here, the Circuit Court acknowledged that Gaeta was eligible for a DANC under HRS § 853-1(a).  The Circuit Court acknowledged and followed the holding in Satoafaiga.  The Circuit Court considered the circumstances of the offense and the characteristics of the defendant as mandated by HRS § 706-606(1), and factors listed in HRS § 706-606(2)(c) & (d), in imposing sentence and special conditions of probation.  The Circuit Court acted within its discretion by denying the motion for DANC.

The *First Amended Judgment of Conviction and Probation Sentence* entered on August 7, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, August 27, 2025.

On the briefs:

Jason R. Kwiat,
for Defendant-Appellant.

Frederick M. Macapinlac,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge